Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Joseph Russo**, an individual, | Case No. **'19CV1622 BEN AGS** |
| Plaintiff, | |
| v. | **Complaint** |
| **JPMorgan Chase Bank, N.A.**, | Jury Trial Demanded |
| Defendant. | |

## **INTRODUCTION**

1.    Defendant JP Morgan Chase Bank, N.A., harassed Plaintiff for months with collection robocalls, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Plaintiff instructed Defendant to stop calling.

2.    Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights afforded under state and federal law.

3.    The United States Supreme Court has recognized a citizen's home as "the

last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471 (1980).

4.    Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's time, and interfered with his ability to otherwise make and receive calls on his cellular telephone.

## JURISDICTION

5.    Jurisdiction arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and for its perpetual invasions of Plaintiff's privacy in violation of California common law.

7.    Venue is proper in this District because Defendant transacts business here and places phone calls into this District, and Plaintiff lives in California.

## PARTIES

1

2   8.   Plaintiff Joseph Russo (hereinafter "Plaintiff") is a natural person who

3

4   resides in the City of San Diego, State of California, from whom a debt

5   collector sought to collect a consumer debt which was due and owing from

6   Defendant and is a "debtor" as the term is defined by Cal. Civ. Code §

7   1788.2(h).

8

9   9.   Plaintiff has suffered a concrete injury in fact that is traceable to

10   Defendant's conduct and that is likely to be redressed by a favorable

11   decision in this matter.

12

13   10.   Defendant JP Morgan Chase Bank, N.A., (hereinafter "Defendant" or

14   "Chase") is a national bank and issuer of consumer revolving debt.

15   Defendant has its principal place of business in Columbus, Ohio, and does

16   business in every State, including California.

17

18   11.   At all times relevant to this Complaint, Defendant used one or more

19   instrumentalities of interstate commerce, including electronic

20   communication and the mail, to conduct business in the State of California

21   and within this judicial district.

22

23   12.   Defendant is not an attorney or counselor at law and are persons who, in

24   the ordinary course of business, regularly, on behalf of themselves or

25   others, engages in "debt collection" as that term is defined by Cal. Civ.

26   Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal.

27

28

Complaint—3

1    Civ. Code § 1788.2(c).

2                   **FACTUAL ALLEGATIONS**

3
4    13.   Within four years immediately preceding the filing of this lawsuit, Defendant
5          and its agents used an automatic telephone dialing system to call Plaintiff's
6          cellular telephone number (619) 517-3223 ("cellular telephone") in an effort
7          to collect a debt from Plaintiff.
8
9    14.   On or around December 1997, Plaintiff, who is a natural person, obtained
10         a Chase United MileagePlus credit card, from JP Morgan Chase Bank,
11         N.A., ("card").
12
13   15.   Subsequently, Plaintiff made purchases with the card, and maintained a
14         balance on the card.
15
16   16.   In or around April of 2019, due to financial circumstances beyond his
17         control, Plaintiff fell behind on payments for this account and it was
18         subsequently placed into collections.
19
20   17.   From at least approximately May 2019 through July 2019, Defendant and
21         the collectors employed by Defendant repeatedly and willfully contacted
22         Plaintiff on his cellular telephone in an effort to collect a debt, after he had
23         told Defendant and its agents to stop calling his cellular telephone.
24
25   18.   The repetitive and relentless calls Defendant placed to Plaintiff's cellular
26         telephone, despite his requests that the calls stop, caused Plaintiff to feel
27         physically sick including headaches, nausea, insomnia as well as feelings
28

of depression, anxiety, fear, shame, concern, and significant stress.

***Telephone Consumer Protection Act***

19. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

21. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

22. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

23. The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order released on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

24. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

25. An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

26. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

27. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (619) 517-3223 that is assigned to a service for which Plaintiff is charged for calls.

28. At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Collection Calls*

29. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents knowingly used an automatic telephone dialing system to call Plaintiff's cell phone number (619) 517-3223 in an effort to collect a debt from Plaintiff multiple times.

30. Plaintiff instructed Defendant to stop calling his cellular telephone number, thus fully and effectively revoking Defendant's right to call this cellular telephone.

### *Revocation of Consent*

31. On or around June 5, 2019, Plaintiff answered a call he received from Chase on his cellular telephone. After identifying himself he informed Chase that they were calling his cellular telephone and to please not call again.

32. Despite Plaintiff's revocation of Defendant's right to call his cellular telephone, Defendant persisted in calling him using an ATDS on his cellular phone.

33. On or around June 19, 2019, Plaintiff answered a call he received from Chase on his cellular telephone. He once again instructed Chase to stop calling his cellular telephone.

34. Despite Plaintiff's requests that the calls stop, Chase yet again called Plaintiff's cellular telephone on or around June 21, 2019. Plaintiff answered Chase's call, confirmed his identity, informed Chase that they were calling

his cellular telephone, and requested that the calls stop.

35. Chase ignored Plaintiff's multiple requests that the calls stop and continued to call his cellular telephone using an ATDS through July of 2019.

### Automated Call Violations of the TCPA

36. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cell phone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

37. Plaintiff revoked any consent he may have given to Defendant to call his cell phone by instructing Defendant to stop calling him on multiple occasions.

38. Defendant ignored Plaintiff's instructions, however, and continued to call Plaintiff's telephone number with its automatic telephone dialing system.

39. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, especially after Plaintiff's multiple requests for Defendant to stop calling him, yet they continued to harass Plaintiff with robocalls.

40. Defendant made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

41. These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cell phone was unavailable for legitimate use

during the unwanted calls and the calls harassed and annoyed him.

42. Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

43. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

44. Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told to stop because Defendant had no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

45. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

46. The repeated autodialed collection calls of Defendant and its agents to

Plaintiff's cell phone also unreasonably invaded Plaintiff's right to privacy in his home, in violation of California law.

47. It was highly offensive for Defendant to continue calling Plaintiff on his cell phone, multiple times a day, after he requested that they stop.

48. Upon good faith information and belief, Plaintiff alleges that Defendant used an automated telephone dialing system to call his cellular telephone in violation of the TCPA, because, when answered, the calls involved clicks, pause, and delays before speaking with a live employee of Defendant,

49. Defendant has been sued numerous times in the past for its use of automated telephone dialing equipment on customers' cellular telephones.

### *Rosenthal Fair Debt Collection Practices Act*

50. California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") has adopted the acceptable standards of debt collection conduct for original creditors such as Defendant, Cal. Civ. Code § 1788, and has incorporated the standards under the federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*., by reference.

51. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. On or around December 1997, Plaintiff who is a natural person, obtained a Chase United MileagePlus credit card, from JP Morgan Chase Bank, with

an account number ending in 0121.  Subsequently, Plaintiff made purchases with the card, and maintained a balance on the card.  Accordingly, this financial obligation meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

52.   Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit transaction" as the acquisition of property, services or money on credit primarily for personal, family, or household purposes.  The debt incurred by Plaintiff was for personal, family, or household purposes, more specifically various personal expenses and services, meeting the criteria for "consumer credit transaction" under Cal. Civ. Code § 1788.2(e).

53.   Defendant began their collection attempts on the alleged debt shortly after Plaintiff fell behind on the payments on his account.

54.   From May of 2019 through July of 2019, Defendant and the collectors employed by Defendant repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect the debt, which were "debt collection[s]" as that term is defined by Cal. Civ. Code § 1788.2(b)

55.   Defendant's collection conduct with respect to Plaintiff in illegally collecting a debt, namely by placing calls in violation of the TCPA, is an otherwise unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA.

56.   The natural consequence of Defendant placing numerous illegal calls to

Plaintiff's cellular telephone, despite Plaintiff's requests that these automated ATDS calls to his cellular telephone cease, was to annoy, harass, oppress, or abuse Plaintiff and therefore Defendant violated 15 U.S.C §§ 1692d, 1692d(5), as well as Cal. Civ. Code § 1788.11(d) of the RFDCPA.

57. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls at all hours of the day disrupted Plaintiff's daily activities and peaceful enjoyment of his personal and professional life.

58. In violating 15 U.S.C §§ 1692f, 1692d, and 1692d(5), Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Summary*

59. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, RFDCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

60. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

61. Defendant's autodialed collection calls disrupted Plaintiff's privacy, and continually frustrated and annoyed Plaintiff.

62. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cell phone.

63. By persistently autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Within the four-year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

66. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

67. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

68. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

69. Defendant made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly asked Defendant to stop.

70. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

71. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

72. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION

## PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32

73. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

74. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and

every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

75.  As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

76.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

77.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

78.  Congress further recognized a consumer's right to privacy in financial data

in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

79.   The Court of Appeals for the 8th Circuit has held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc*., 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc*., 401 F.3d 876, 881 (8th Cir. 2005)).

80.   California has also recognized the right of privacy.

81.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

82.   Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns

of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after he requested that they stop.

83. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

84. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

a) for an award of $500.00 in statutory damages, for each and every one of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.,* pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against

Defendant and for Plaintiff;

b) for an award of $1,500.00 in treble damages, for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

c) for an injunction prohibiting Defendant from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION

## PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32.

d) an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

e) an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

f) an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant;

g) an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17, from Defendant;

and

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

h) for an award of actual and compensatory damages from Defendant pursuant to California law for its invasion of Plaintiff's privacy in an amount to be determined at trial.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   August 28, 2019.                    Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

Pursuant to 28 U.S.C. § 1746, Plaintiff Joseph Russo, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/28/2019

Date

_Joseph G Russo_

Signature